**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 2, 2009

Charles R. Fulbruge III
Clerk

No. 07-60900

MARIO VASQUEZ-MARTINEZ, also known as Mario Martinez Vasquez,

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before SMITH, GARZA, and CLEMENT, Circuit Judges.

EMILIO M. GARZA, Circuit Judge.

Mario Vasquez-Martinez ("Vasquez-Martinez") petitions for review of the Board of Immigration Appeals ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") decision finding him ineligible for cancellation of removal. For the following reasons, we DENY the Petition for Review.

I

Vasquez-Martinez is a native of Mexico who was admitted to the United States as a lawful permanent resident in 1992. In 2003, Vasquez was indicted in a Texas state court for "intentionally and knowingly possess[ing], with intent to deliver, a controlled substance, namely, COCAINE. . . in, on and within 1,000 feet of premises of a school. . . " *See* TEX. HEALTH AND SAFETY CODE ANN.

§481.112(a). Vasquez-Martinez's judgment of conviction states that Vasquez pleaded guilty to possession of a controlled substance in a drug-free zone. Significantly, the judgment of conviction omitted the words "with intent to deliver." Vasquez-Martinez received a sentence of six years, which was suspended to six years on probation. In 2006, his probation was revoked and he was sentenced to two years of imprisonment.

Vasquez-Martinez was charged with removability via a Notice to Appear ("NTA") on the basis that his Texas conviction constituted (1) an "aggravated felony" pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii),[1] and (2) a controlled substance violation pursuant to 8 U.S.C. § 1227(a)(2)(B) of the same statute.[2] At his removal hearing before the IJ, Vasquez-Martinez admitted the factual allegations in the NTA. The IJ found that Vasquez-Martinez was removable for having committed a controlled substance violation, § 1227(a)(2)(B), but determined that the record did not support removability for having been convicted of an "aggravated felony" under § 1227(a)(2)(A)(iii), as the judgment of conviction stated only that Vasquez-Martinez was guilty of "possession". The IJ concluded that Vasquez-Martinez was not an aggravated felon and thus eligible to apply for discretionary cancellation of removal under 8 U.S.C. §1229b(a).

Vasquez-Martinez filed an application for cancellation of removal, and the IJ held a hearing on the merits of that application. The Government contended that the omission of "with intent to deliver" from the judgment of conviction was

---

[1] Section 1227(a)(2)(A)(iii) states that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."

[2] Section 1227(a)(2)(B)(i) reads:
> Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

solely a typographical error, and that the record as a whole reflected that Vasquez-Martinez was convicted of an aggravated felony and thus ineligible for cancellation of removal. Ultimately, the IJ found based on the judicial record that Vasquez-Martinez had been convicted of possession of cocaine with intent to deliver, and was thus ineligible for cancellation of removal because he had committed an aggravated felony. 8 U.S.C. § 1229b(a)(3).

Vasquez-Martinez appealed to the BIA. The BIA agreed with the IJ that Vasquez-Martinez had committed a controlled substance violation; having determined that he was removable on that basis, the BIA did not reach the question of whether he was removable for being an aggravated felon. The BIA did, however, uphold the IJ's conclusion that Vasquez-Martinez had been convicted of possession of cocaine with intent to deliver, finding that the record established that Vasquez-Martinez was convicted of the crime as charged in the indictment.

The BIA also found that Vasquez-Martinez had not met his burden of establishing statutory eligibility for relief, as he had not proven by a preponderance of the evidence that the aggravated felony bar to eligibility for cancellation of removal did not apply. The BIA dismissed Vasquez-Martinez's appeal. He timely petitions for review.

II

The BIA addressed two issues: first, whether Vasquez-Martinez is removable; and second, whether he is subject to the statutory bar to cancellation of removal under § 1229b(a)(3). However, only the second issue is in dispute on this petition for review.

The BIA held that Vasquez-Martinez is removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), for having committed a violation related to a controlled substance. Because the BIA found Vasquez-Martinez removable on this ground,

it pretermitted the issue of Vasquez-Martinez's removability for being an aggravated felon.

Vasquez-Martinez does not appear to contest the BIA's finding that he is removable for a violation under the Controlled Substance Act.[3] Thus, the only issue before us is whether the BIA erred in holding that Vasquez-Martinez is not eligible for discretionary cancellation of removal.

### III

This Court has jurisdiction to review only legal and constitutional issues raised pertaining to removal orders. *See Toledo-Hernandez v. Mukasey*, 521 F.3d 332, 334 (5th Cir. 2008); 8 U.S.C. § 1252(a)(2)(C)(removing appeals court's jurisdiction over final orders of removal); *but see* 8 U.S.C. § 1252(a)(2)(D) (holding that notwithstanding § 1252(a)(2)(C), judicial review is permitted of constitutional claims and questions of law presented upon a petition for review.) The BIA's determination that an alien is ineligible for discretionary relief in the form of cancellation of removal is a question of law that we review *de novo*, deferring to the BIA's interpretation of the statutes and regulations it administers. *See Danso v. Gonzales*, 489 F.3d 709, 712-13 (5th Cir. 2007); *Marquez-Marquez v. Gonzales*, 455 F.3d 548, 561 (5th Cir. 2006).

### A

The INA states that the Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien has not been convicted of any aggravated felony. 8 U.S.C. § 1229b(a)(3). An alien applying for relief from removal has the burden of proof to establish that

---

[3] Indeed, even if Vasquez-Martinez were to prevail on his argument that he was convicted merely for possession of cocaine, rather than possession with intent to deliver cocaine, he would still be removable under §1227(a)(2)(B)(i). Though he argued before the BIA that the record was inconclusive as to whether he was convicted for possession of cocaine or for possession of marijuana (which would not subject him to removal), he does not make that argument here.

he is not an aggravated felon and is therefore statutorily eligible for relief. *See* 8 U.S.C. § 1229a(c)(4)(A)(i). Under the regulations interpreting the INA's provisions for cancellation of removal, if the evidence indicates that one or more of the grounds for mandatory denial of the application for relief *may* apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply. 8 C.F.R. § 1240.8(d). Applying § 1240.8(d), the BIA held that Vasquez-Martinez had adduced insufficient evidence to carry his burden of proving that he was not an aggravated felon.

Vasquez-Martinez first argues that the burden is on the government to submit evidence to indicate that the mandatory statutory bar against cancellation of removal applies. In support of his argument, Vasquez-Martinez cites a Ninth Circuit case, *Cisneros-Perez v. Gonzales*, 451 F.3d 1053 (9th Cir. 2006), *amended and superseded on denial of reh'g by*, 465 F.3d 386 (9th Cir. 2006), that he argues holds that the government has a high burden of production to establish that an alien committed an aggravated felony and is thus barred from cancellation of removal.

*Cisneros-Perez* is inapposite. In *Cisneros-Perez*, the Ninth Circuit held that, given the factual ambiguity of the record,[4] the government had not provided enough evidence to show that the petitioner's conviction was for an aggravated felony. In this case, however, we have limited jurisdiction to consider whether the record is conclusive as to the offense of conviction, since, as a factual question for the BIA to determine, it is barred from judicial review. 8 U.S.C. § 1252(a)(2)(C)(barring judicial review of final orders of removal where the alien is found removable based on, *inter alia*, having committed a controlled substance violation). The BIA held that the record of conviction establishes that

---

[4] The Court determined that the documentation was insufficient to show that the charge to which the petitioner pled guilty was the same as that contained in the complaint. *Cisneros-Perez*, 465 F.3d at 393.

Vasquez-Martinez was convicted of intentionally and knowingly possessing cocaine *with intent to deliver* in a drug free zone, finding that language of the indictment was incorporated into judgment of conviction by reference, notwithstanding the possible typographical error that was noted by the IJ.[5] This is a factual determination, not a legal one. Thus, we may not review the BIA's conclusion that Vasquez-Martinez was convicted of possession with intent to deliver cocaine as opposed to mere possession.[6]

Second, neither *Cisneros-Perez* nor any case in this Circuit establishes the proposition that the initial burden of production of evidence that the alien is ineligible for discretionary relief lies with the government. Such a conclusion does not flow from the language of the statute or the concomitant regulation. *See* §1229a(c)(4)(A)(i); 8 C.F.R. §1240.8(d).

Accepting the factual finding that Vasquez-Martinez was convicted of possession with intent to deliver, then, we may still review the BIA's *legal* conclusion that the crime for which Vasquez-Martinez was convicted "may" have been an aggravated felony that disqualified him from cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(D).[7]

---

[5] The judgment of conviction reads, "It is therefore considered and adjudge by the Court that the Defendant is guilty of the offense of a felony, POSS CS PG 1 >1G DRUG FREE ZONE *as charged in the indictment. . .*" (Emphasis added.)

[6] Vasquez-Martinez cites to the Ninth Circuit case *Sandoval-Lua v. Gonzales*, 499 F.3d 1121 (9th Cir. 2007), as support for the argument that we may review whether Vasquez-Martinez was convicted for possession or possession with intent to deliver. However, *Sandoval-Lua* is readily distinguishable, as the record in that case was not factually ambiguous as to the offense of conviction; rather, the charging document listed conduct that did and did not constitute an aggravated felony, making it impossible to ascertain the elements of the offense found by the jury. *Sandoval-Lua*, 499 F.3d at 1132. By contrast, Vasquez-Martinez asks us to review the BIA's evidentiary conclusion that the judgment of conviction reflects the conduct charged in the indictment. As discussed, the bar of § 1252(a)(2)(c) does not permit us to do so.

[7] § 1252(a)(2)(D) reads: "Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a

B

Having established that the burden is on Vasquez-Martinez to show that he is eligible for cancellation of removal, and treating Vasquez-Martinez's offense as possession of cocaine with intent to deliver, we now look to whether he has satisfied that burden, reviewing *de novo* whether the offense qualifies as an aggravated felony under the INA. *See Omari v. Gonzales,* 419 F.3d 303, 306 (5th Cir. 2005).

Vasquez-Martinez argues that under Texas law, the crime of possession with intent to deliver is broader than, and thus includes conduct that does not fall within, the definition of "aggravated felony" in the INA.

"Aggravated felony" is defined as including a "drug trafficking crime (as defined in section 924(c) of Title 18)." *Smith v. Gonzales*, 468 F.3d 272, 275 (5th Cir. 2006)(quoting 8 U.S.C. § 1001(a)(43)(B)). "Drug trafficking crime" is defined as any felony punishable under the Controlled Substances Act," 21 U.S.C. § 801 et seq. *Id.* (quoting 18 U.S.C. § 924(c)(2)).[8] The Controlled Substances Act defines "felony" as any "federal or state offense classified by applicable federal or state law as a felony." *Id.* (quoting 21 U.S.C. § 802(13)). In *Lopez v. Gonzales*, 549 U.S. 47, 60 (2006), the Supreme Court held that an offense under state law constitutes a felony punishable under the Controlled Substances Act only if it proscribes conduct punishable as a felony under that federal law. Consequently, even though Texas defines Vasquez-Martinez's crime as a state law felony, it may not qualify as an aggravated felony under the Controlled Substance Act if it consists of conduct that would be only a federal misdemeanor.

---

petition for review filed with an appropriate court of appeals in accordance with this section."

[8] For purposes of § 924(c)(2) the crimes the Controlled Substances Act defines as "felonies" are those crimes to which it assigns a punishment exceeding one year's imprisonment. *Lopez v. Gonzales*, 549 U.S. 47, 56 n.7 (2006).

Vasquez-Martinez was convicted under Texas Health and Safety Code §481.112(a), which reads:

> Except as authorized by this chapter, a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1.

The statute defines the word "deliver":

> "Deliver" means to transfer, actually or constructively, to another a controlled substance, counterfeit substance, or drug paraphernalia, regardless of whether there is an agency relationship. The term includes *offering to sell* a controlled substance, counterfeit substance, or drug paraphernalia.
> TEX. HEALTH & SAFETY CODE ANN. §481.002(8). (emphasis added).

Vasquez-Martinez argues that because Texas law defines "delivery" as encapsulating "offering to sell", it is broader than the definition of "delivery" in the federal statute, which does not include offers to sell.[9] Thus, he contends, because the Texas statute includes conduct that would not be considered a felony under the federal statute, a conviction under §481.112(a) cannot be considered an aggravated felony for the purposes of disqualifying him for cancellation of removal.

Vasquez-Martinez points to two of our cases in the sentencing context that he argues support finding that possession with intent to deliver is not an aggravated felony under the Controlled Substances Act. In *United States v. Gonzales*, 484 F.3d 712, 715-16 (5th Cir. 2007), we held that the statutory definition of delivery of a controlled substance in § 481.112 of the Texas Health and Safety Code encompasses activity that does not fall within the definition of "drug trafficking offense" as set out in § 2L1.2(b)(1)(A)(i) of the United States

---

[9] "Delivery" in the federal statute is defined as "the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship." 21 U.S.C. §802(8).

Sentencing Guidelines, because the state statute includes an "offer to sell".[10] Similarly, in *United States v. Morales-Martinez*, 496 F.3d 356, 360 (5th Cir. 2007), because the Texas statute defines delivery more broadly than §2L1.2's definition of a "drug trafficking offense," we applied the "categorical approach" of *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005) to determine whether the defendant had pleaded guilty to conduct that fell within the ambit of the federal definition. In *Morales-Martinez*, we held that neither the charging documents nor the fact of conviction established that the defendant had committed a "drug trafficking offense" under §2L1.2, and that the district court had thus erred in applying the sentencing enhancement. *Morales-Martinez*, 456 F.3d at 360-61. Vasquez-Martinez urges us to follow these cases in finding that, because his conviction under §481.112 could have implicated conduct not defined as a "drug trafficking offense," it cannot be used to trigger the aggravated felony bar to cancellation of removal.

The government responds that Vasquez-Martinez's argument is foreclosed by our precedent in *United States v. Ford*, 509 F.3d 714, 717 (5th Cir. 2007), in which we held that a conviction for *possession with intent to deliver* under Texas Health and Safety Code §481.112(a) constitutes a "controlled substance offense" for the purposes of a U.S.S.G. § 2K2.1(a)(4)(A) sentence enhancement. We found in *Ford* that "possession with intent to deliver" under §481.112 is indistinguishable from "possession with intent to distribute," one of the offenses listed in the Sentencing Guidelines' definition of a "controlled substance offense". Thus, while *Gonzales* and *Morales-Martinez* both addressed convictions for

---

[10] *Gonzales* in turn relied on our holding in *United States v. Garza Lopez*, 410 F.3d 268, 274 (5th Cir.), in which we stated that offering to sell a controlled substance lies outside section 2L1.2's definition of "drug trafficking offense," since section 2L1.2 "covers only the manufacture, import, export, distribution, or dispensing of a controlled substance (or possession with the intent to do any of these things)." *Gonzales*, 484 F.3d at 714-15 (quoting *Garza-Lopez*, 410 F.3d at 274).

*delivery* under §481.112, the Government contends that *Ford* controls the result in the instant case because it involved the exact crime at issue here, namely, *possession with intent to deliver.  Ford*, 509 F.3d at 715.

Vasquez-Martinez attempts to distinguish *Ford* from *Gonzales/Morales-Martinez* by arguing that the former does not apply because it addressed a "controlled substance offense" under § 2K2.1 rather than a "drug trafficking offense" under § 2L1.2 and that the latter definition is the operative one here. However, the Guidelines definition of "controlled substance offense" is nearly identical to the definition of conduct defined as a felony under the Controlled Substances Act.[11]  Under the Guidelines, the term "controlled substance offense" includes "possession of a controlled substance. . . with intent to. . . distribute." U.S.S.G. § 4B1.2(b).  Under the Controlled Substances Act, it is unlawful for "any person knowingly or intentionally. . . [to] possess with intent to. . . distribute . . . a controlled substance."  21 U.S.C. § 841(a)(1).  Thus, Vasquez-Martinez's argument that *Ford* does not apply in this context is unavailing.[12]

We recognize that there is a tension between *Gonzales/Morales-Martinez* and *Ford*, as together they lead to the strange result that while the possession with intent to deliver cocaine under Texas Health and Safety Code §481.112(a) is a felony under the Controlled Substances Act, delivery under the same statutory provision is not.  However, *Ford* controls in this case, and absent an

---

[11] As previously stated, an "aggravated felony" for the purposes of cancellation of removal is defined as including "drug-trafficking crimes" as defined in 18 U.S.C. §924(c), and drug trafficking crimes are in turn defined as "any felony punishable under the Controlled Substance Act."

[12] In *Ford*, the Court treated the Guidelines definitions of "controlled substance offense" and "drug trafficking offense" as identical for its purposes.  509 F.3d at 717n.2.  Vasquez-Martinez argues that the minor textual differences between the two Guidelines definitions matters in this case because our precedent establishes that "offers to sell" do not fall within the definition of "drug trafficking offenses."  This argument does not convince us, as it is irrelevant to whether § 2K2.1's definition of a controlled substance offense correlates with the definition of "drug trafficking crimes" as set out in the Controlled Substances Act.

*en banc* decision to reconcile our case law, we are bound by the previous panel decision.

Because under *Ford*, the crime for which Vasquez-Martinez was convicted—possession with intent to deliver cocaine—is a felony under the Controlled Substance Act, the BIA did not err in holding that Vasquez-Martinez is ineligible for cancellation of removal under §1229b(a)(3).  We thus DENY the Petition for Review.