# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2012

No. 11-60506
Summary Calendar

Lyle W. Cayce
Clerk

JULIO CESAR TZOC,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 876 831

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Tzoc, a native and citizen of Guatemala, challenges the determination of the Board of Immigration Appeals (BIA) that he is ineligible for cancellation of removal under 8 U.S.C. § 1229b(a) and for a waiver of removability under 8 U.S.C. § 1227(a)(1)(H). He alleges that he obtained lawful permanent resident (LPR) status in 1990 under the Immigration Reform and Control Act of 1986 (IRCA) § 201(a), 8 U.S.C. § 1255a, which allows the Attorney General to grant an adjustment to LPR status if the alien satisfies various

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conditions, including establishing "that he entered the United States before January 1, 1982." § 1255a(a)(2)(A). In 2004, Tzoc visited Guatemala and was allowed to reenter the United States without formal admission. He pleaded guilty to possession of cocaine. In 2005, the Department of Homeland Security (DHS) initiated removal proceedings against him, charging that he was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) as an alien convicted of a controlled substance offense.

After several rounds of proceedings before the immigration judge (IJ) followed by appeals to the BIA, the IJ sustained the charge and ultimately ordered Tzoc removed to Guatemala. The IJ found that he was ineligible for cancellation of removal under § 1229b(a) because Tzoc testified at a hearing before the IJ in 2007 that he had lived in the United States for approximately 21 years and that he came to the United States in 1986, when he was 17 years old. At the time of that proceeding, the case had been remanded to allow Tzoc to explain this prior testimony or provide other evidence to show that he actually entered at the required time (before January 1, 1982). In the final proceeding before the IJ, Tzoc failed to present any such evidence. The IJ also found that he was ineligible for a waiver of removability under § 1227(a)(1)(H). The BIA dismissed his appeal.

Tzoc argues that the BIA erred in finding him statutorily ineligible for cancellation of removal. We review this question of law de novo, "deferring to the BIA's interpretation of the statutes and regulations it administers." *Vasquez-Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir. 2009).

In order to be eligible for cancellation of removal, an alien must have been "lawfully admitted for permanent residence" for at least five years. § 1229b(a)(1). Tzoc argues that his IRCA adjustment in 1990 shows that he satisfied this requirement. However, the Immigration and Nationality Act (INA) defines the phrase "lawfully admitted for permanent residence" as "the status of having been lawfully accorded the privilege of residing permanently in the United

States as an immigrant *in accordance with the immigration laws*, such status not having changed." § 1101(a)(20) (emphasis added). If Tzoc first entered the United States after January 1, 1982, as he testified repeatedly before the IJ, then his IRCA adjustment to LPR status was not "in accordance with the immigration laws," § 1101(a)(20); *see* § 1255a(a)(2)(A). "If, as a matter of law, [the alien] was not eligible to receive LPR status [when he acquired it], then he could not, and therefore, did not *lawfully* acquire it—absent which he is not eligible for cancellation of removal." *Ramos-Torres v. Holder*, 637 F.3d 544, 548 (5th Cir. 2011); *see also In re Longstaff*, 716 F.2d 1439, 1441-42 (5th Cir. 1983) (rejecting Tzoc's interpretation of the phrase "lawfully admitted for permanent residence" in another INA provision, 8 U.S.C. § 1429).

Tzoc contends that the BIA erroneously assigned him the burden of proving that his prior IRCA adjustment was lawful. However, an alien applying for relief from removal has the burden of proof to establish that he is statutorily eligible for relief. § 1229a(c)(4)(A)(i); *Ramos-Torres*, 637 F.3d at 548. Even were this not so, his own testimony that he first entered in 1986 provides some evidence that he did not lawfully obtain LPR status; despite a remand in which to offer contrary evidence, he failed to do so. Accordingly, his argument that the DHS failed to show that he obtained his IRCA adjustment of status through fraud or misrepresentation is misplaced. *See also Longstaff*, 716 F.2d at 1440 (holding that the alien was ineligible for naturalization even though "no evidence suggest[ed]" that the alien "knew or had reason to know" that he was excludable from the United States at the time of his original application for admission as an LPR).

Although Tzoc argues that the BIA violated the IRCA confidentiality provision, that provision limits the Government's use of "the information furnished by the applicant pursuant to an application filed under this section." § 1255a(c)(5)(A). Tzoc's testimony during the 2007 removal hearing was not the

information furnished by him pursuant to the application for an IRCA adjustment, which he filed years earlier.

Tzoc also challenges the BIA's refusal to consider his request for a § 1227(a)(1)(H) waiver.  Because the IJ's decision impacted the BIA's ruling, we will consider the underlying decision of the IJ in reviewing this claim.  *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002).  Whether Tzoc was eligible for the § 1227(a)(1)(H) waiver is a question of law, which we review de novo.  *See Rana v. Holder*, 654 F.3d 547, 549-52 (5th Cir. 2011).

As the IJ found, such a waiver would not help Tzoc because he was not subject to removal "on the ground" that he had committed fraud or misrepresentation.  § 1227(a)(1)(H).  Although Tzoc assumes that the DHS's contention that his IRCA adjustment of status in 1990 was improper entails an implicit allegation that he committed fraud or a willful misrepresentation in his IRCA application, the DHS did not have to make such a charge because Tzoc had the burden of proving that he was statutorily eligible for cancellation of removal. *See Vasquez-Martinez*, 564 F.3d at 715.  Rather, Tzoc's own testimony gave rise to a question regarding whether his IRCA adjustment to LPR status in 1990 was lawful.  *See id.*; *Ramos-Torres*, 637 F.3d at 548.

PETITION DENIED.