# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 9, 2012

Lyle W. Cayce
Clerk

No. 11-60824
Summary Calendar

CLAUDIA PENA-HERNANDEZ, also known as Claudia Pena Hernandez, also known as Claudia Hernandez Pena,

Petitioner,

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 891 897

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mexican citizen Claudia Pena-Hernandez petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing her appeal from the order of the immigration judge denying her application for cancellation of removal pursuant to 8 U.S.C. § 1229b(a). She was found ineligible for cancellation of removal because she had not shown that her Texas conviction for delivery of a controlled substance did not constitute an aggravated felony. Pena-Hernandez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that neither of her drug convictions constituted aggravated felonies under the categorical approach employed by this court. She suggests that her failure to provide new evidence at her second IJ hearing is irrelevant, as the BIA already had held that the state-court documents in the record were insufficient to prove up an aggravated felony.

While the Texas offense of delivery of a controlled substance in violation of section 481.112(a) of the Texas Health and Safety Code can be based on an offer to sell the controlled substance, actual physical delivery of a controlled substance also violates § 481.112(a). Tex. Health & Safety Code Ann. §§ 481.002(8), 481.112(a). This is indistinguishable from the federal offense of distribution of a controlled substance, which is punishable as a felony under the Controlled Substances Act. *See* 21 U.S.C. § 841(a)-(b). The Texas offense therefore may be committed in a way that falls within the definition of an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2).

In the context of her application for cancellation of removal, Pena-Hernandez bore the burden of showing that she had not been convicted of an aggravated felony. *Vasquez-Martinez v. Holder*, 564 F.3d 712, 715-16 (5th Cir. 2009). She did not carry this burden, and she therefore failed to demonstrate that she was eligible for cancellation of removal.

PETITION DENIED.