# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 6, 2012

No. 11-60533
Summary Calendar

Lyle W. Cayce
Clerk

GUSTAVO ADOLFO TAPIA, also known as Gustavo A. Tapia, also known as AdolfoTapia, also known as Adlopho Tappia, also known as Gustavo Tapia,

Petitioner

v.

ERIC H. HOLDER, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A043 326 573

Before JONES, Chief Judge, and SOUTHWICK and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gustavo Adolfo Tapia, a native and citizen of the Dominican Republic, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal of the denial of his application for cancellation of removal. *See* 8 U.S.C. § 1229b(a). To obtain cancellation of removal, the alien must not have been convicted of any aggravated felony. § 1229b(a)(3). The Immigration Judge found that Tapia's two New York convictions for the sale of a controlled

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substance in the fourth degree, *see* New York Penal Law § 220.34, were for aggravated felonies.  The BIA dismissed Tapia's appeal because he failed to carry his burden of proving that he was not convicted of an aggravated felony. *See* 8 U.S.C. § 1229a(c)(4)(A)(i); 8 C.F.R. § 1208.4.  Tapia argues that the record fails to establish that his New York drug convictions are aggravated felonies; therefore, he argues, he is eligible for cancellation of removal.

"The BIA's determination that an alien is ineligible for discretionary relief in the form of cancellation of removal is a question of law that we review de novo, deferring to the BIA's interpretation of the statutes and regulations it administers." *Vasquez-Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir. 2009).

Tapia was ordered removed on two bases: (1) under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i) as an alien convicted of violating "any law or regulation of a State . . . relating to a controlled substance," and (2) under § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii) as an aggravated felon.  Tapia conceded removability on the first charge.

Once Tapia's removability was established, he had the burden of establishing that he was eligible for cancellation of removal.  § 1229a(c)(4)(A)(i); *see Vasquez-Martinez*, 564 F.3d at 715-16.  Since "the evidence indicate[d] that one or more of the grounds for mandatory denial of the application for relief may apply" (i.e., conviction of an aggravated felony), he had the burden of proving by a preponderance of the evidence that such grounds did not apply.  § 1240.8(d); *see Moncrieffe v. Holder*, 662 F.3d at 392 (5th Cir. 2011) cert. granted, 132 S. Ct. 1857 (2012); *Vasquez-Martinez*, 564 F.3d at 715-16.  Tapia presented no evidence before the IJ or the BIA to show that he had not been convicted of an aggravated felony, and he points to no such evidence here.  The BIA did not err in dismissing his appeal.

PETITION FOR REVIEW DENIED.