# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2012

No. 11-60836
Summary Calendar

Lyle W. Cayce
Clerk

MANUEL P. MUTZ PEREZ, also known as Manual Pablo Mutz, also known as
Manuel Pablo Mutz-Perez, also known as Manuel Mutz,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A044 623 311

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Guatemalan citizen Manuel P. Mutz Perez (Mutz), a lawful permanent resident of the United States, was convicted of delivery of cocaine under § 481.112(a) of the Texas Health and Safety Code. He conceded removability on the ground that the offense was a controlled substance offense and applied for cancellation of removal under 8 U.S.C. § 1229b(a), among other relief. Because he failed to show that his cocaine offense was not an aggravated felony, he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determined to be ineligible for cancellation of removal, and his subsequent motion to reopen the proceeding based upon new evidence was denied. He petitions for review of the orders of the Board of Immigration Appeals (BIA) denying his application for cancellation of removal and his motion to reopen.

Mutz challenges the BIA's ruling that he was required to provide documentation showing that his cocaine offense was not an aggravated felony in order to qualify for cancellation of removal. He contends that he was not required to produce any documentary evidence because the applicable preponderance of the evidence standard is a burden of persuasion, not a burden of production. He asserts that the Government had the initial burden to produce evidence indicating that the aggravated felony bar may apply. He contends that he met his burden of proving that the offense was not an aggravated felony by showing that, in light of an inconclusive record, he may have been convicted under the provision of the Texas statute that criminalized "offers to sell" a controlled substance.

While delivery of a controlled substance under § 481.112(a) encompasses offers to sell, actual physical delivery also violates the statute. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(8), 481.112(a). Actual delivery also is punishable as a felony under the Controlled Substances Act. *See* 8 U.S.C. § 841. Therefore, the Texas offense may be committed in a way that falls within the definition of an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2).

Mutz bore the burden of proving by preponderance of the evidence that his offense under § 481.112(a) was not an aggravated felony. *See Vasquez-Martinez v. Holder*, 564 F.3d 712, 715-16 (5th Cir. 2009) (citing 8 U.S.C. § 1229a(c)(4)(A) and 8 C.F.R. § 1240.8(d)). He produced no evidence to show that the offense involved an offer to sell. He did not meet this burden and thereby failed to demonstrate that he was eligible for cancellation of removal. The Government had no burden to show that the offense was an aggravated felony. *See id.* at 716.

No. 11-60836

For these reasons, the BIA did not err in dismissing Mutz's appeal or in denying his motion to reopen.

PETITIONS FOR REVIEW DENIED.