Sharma **RAMNARINE, also known as Seenath Ragoobar; Aruna Raymond, also known as Aruna Ramnarine, also known as Aruna Maharaj, Petitioners**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

**No. 11–60881.**

United States Court of Appeals, Fifth Circuit.

Jan. 9, 2013.

Peter D. Williamson, Esq., Chamberlain, Hrdlicka, White, Williams & Aughtry, Houston, TX, for Petitioners.

Anthony Cardozo Payne, Senior Litigation Counsel, David V. Bernal, Assistant Director, Tangerlia Cox, Annette Marie Wietecha, Trial Attorney, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before BARKSDALE, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM: *

Sharma Ramnarine and his wife, Aruna Raymond, seek review of the Board of Immigration Appeals' (BIA) dismissing their appeal from an immigration judge's denying, pursuant to 8 U.S.C. § 1229b(b), Raymond's application for cancellation of removal. VACATED and REMANDED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

Ramnarine and Raymond are citizens of Trinidad and Tobago. They were divorced there in 1994, apparently because they had been advised they could obtain permanent-residence status in the United States by marrying United States citizens upon their arrival in this country. Raymond paid James Raymond, a United States citizen, to marry her in 1996. She attempted to obtain lawful permanent residence in the United States through this marriage; but, in 2003, the former Immigration and Naturalization Service (INS) denied that status on the ground that the marriage was a sham: its investigation revealed Raymond and Ramnarine had lived together since their arrival in the United States and had a third child together in 1999. In its Notice of Intent to Deny, the INS referred to a 15 November 2000 interview with INS officials in which Raymond, under oath, falsely stated her marriage to James Raymond was legitimate.

Ramnarine, using the name Seenath Ragoobar, similarly entered into a sham marriage with a United States citizen in 1999, and was similarly unsuccessful in using the sham to change his immigration status. In addition, he pled guilty in 2008 to, and was convicted of, false swearing in an immigration matter.

After ending their sham marriages, Ramnarine and Raymond remarried each other in 2010. With both facing removal, the immigration judge consolidated their cases.

The Government successfully moved, pursuant to 8 U.S.C. § 1229b(b)(1)(B), to pretermit Raymond's application for cancellation of removal; that subsection states an alien is ineligible for such cancellation if she has not "been a person of good moral character during" a continuous period of ten years of United States residence. Needless to say, giving false testimony under oath for the purpose of obtaining immigration benefits precludes a finding of good moral character. 8 U.S.C. § 1101(f)(6). Because Raymond's false statements to INS officials about her marriage to James Raymond took place in November 2000, and the immigration judge made his decision in October 2010, she had not accrued the requisite ten years' good moral character. Accordingly, the immigration judge declined to address any other factual or discretionary factors that would otherwise be relevant to determining whether to grant Raymond's application.

On appeal to the BIA, Ramnarine and Raymond conceded the immigration judge had correctly denied Raymond's application because her under-oath false statement had been less than ten years earlier. Nevertheless, because, at the time of the BIA's review, more than ten years had passed since the false statement, they requested remand to the immigration judge on the ground that a cancellation-of-removal application is a continuing application.

Treating the appeal as a motion to remand, the BIA ruled "a motion to remand must meet the same standards as a motion to reopen". *In re: Ramnarine and Raymond,* BIA, File Nos. A096 093 733 & A076 837 579 at 2 (Dec.2011) (*In re: Ramnarine*). Applying the motion-to-reopen standard of review, the BIA rejected the motion to remand. *Id.*

Ramnarine did not contest before the BIA the denial of his cancellation-of-removal application, and does not do so here. He remains in this proceeding only insofar as his status depends on his wife's: should Raymond obtain cancellation of removal, Ramnarine may file a derivative application for waiver of inadmissibility. 8 U.S.C. § 1182(h)(1)(B) (permitting discretionary

waiver of ineligibility for admission to the United States where denial of admission to alien would cause "extreme hardship" to close relative who is lawful permanent resident).

## II.

Our court may not review discretionary denials of relief by the BIA, including those under 8 U.S.C. §§ 1182(h) and 1229b. 8 U.S.C. § 1252(a)(2)(B)(i). On the other hand, questions of law raised in discretionary-relief proceedings are reviewed *de novo*, with deference to the BIA's interpretations of the statutes and regulations it administers. 8 U.S.C. § 1252(a)(2)(D); *Vasquez–Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir.2009). The issue presented here—eligibility for discretionary cancellation of removal—is such a question of law. *Id.* Further, our court may review the BIA's application of its own precedent. *E.g., Cabral v. Holder*, 632 F.3d 886, 890 (5th Cir.2011) ("BIA acts arbitrarily when it disregards its own precedents ... without giving a reasonable explanation for doing so.") (quotations omitted).

In subjecting Ramnarine's and Raymond's motion to remand to the standard of review applicable to a motion to reopen, the BIA relied on *Matter of Coelho*, 20 I. & N. Dec. 464, 471–72 (BIA 1992). That standard contemplates no circumstances in which such a motion must be granted; it addresses only situations in which it must, or may, be denied. *Id.* at 471. The BIA may deny a motion to reopen on at least three separate grounds: movant's failure to make a *prima facie* case for the relief sought; her failure to introduce previously-unavailable, material evidence; or the relief sought is discretionary, and the BIA determines it would not grant such relief, regardless of movant's successfully meeting the first two prongs. *I.N.S. v. Abudu,*

485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). The BIA denied the motion to remand on all three grounds. *In re: Ramnarine* at 2.

Had the motion-to-reopen standard been applicable, the BIA's conclusion would necessarily stand. Its holding on the third *Abudu* prong—that it "likely" would not grant discretionary relief in any event, *id.*—is reviewed only for abuse of discretion. *Abudu*, 485 U.S. at 105, 108 S.Ct. 904. The BIA certainly did not abuse its discretion in determining cancellation of removal would "likely" be denied due to Ramnarine's and Raymond's history of immigration fraud.

The BIA, however, applied an incorrect review standard. Along that line, it incorrectly interpreted *Coelho* to provide that *all* motions to remand must meet the motion-to-reopen standard. *In re: Ramnarine* at 2. Instead, *Coelho* states a motion to remand must meet the substantive requirements of a motion to reopen "where [it] is really in the nature of a motion to reopen or a motion to reconsider". *Coelho*, 20 I. & N. Dec. at 471. Conversely, "[w]here a motion to remand simply articulates the remedy requested by an appeal, [the BIA] treat[s] it as part of the appeal and do[es] not require it to conform to the standards for considerations of motions". *Id.*

The BIA did not rule the motion to remand is "really in the nature of a motion to reopen". *Id.* Moreover, because remand to the immigration judge for a discretionary decision on Raymond's application for cancellation of removal was the entire "remedy requested by [their] appeal", the BIA should not have applied the motion-to-reopen standard of review. *Id.* It is within the BIA's power to extend or otherwise alter its precedents, but to effect such a policy change, "it must provide a reasoned explanation for its action". *Ju-*

*dulang v. Holder*, —— U.S. ——, 132 S.Ct. 476, 479, 181 L.Ed.2d 449 (2011). No such explanation is present here. *See In re: Ramnarine* at 1–2.

Therefore, the BIA erred in applying the motion-to-reopen standard of review to the motion to remand. It should have instead applied the general standard for reviewing an appeal. *See Coelho*, 20 I. & N. Dec. at 471. Accordingly, on remand, the BIA may, *inter alia*, take "administrative notice of commonly known facts", 8 C.F.R. § 1003.1(d)(3), and should address the request that this matter be remanded to the immigration judge for consideration of Raymond's application for cancellation of removal, now that ten years have passed since her disqualifying act of bad moral character.

### III.

For the foregoing reasons, the dismissal is VACATED and this matter is RE-MANDED to the BIA for further proceedings consistent with this opinion.