# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2014

Lyle W. Cayce
Clerk

No. 13-60471
Summary Calendar

KENNETH C. FRANCIS,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A037 331 759

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner Kenneth C. Francis, a citizen of Jamaica and a lawful permanent resident of the United States, was convicted of two crimes involving moral turpitude not arising out of a single scheme. He conceded removability under 8 U.S.C. § 1227(a)(2)(A)(ii) and applied for cancellation of removal under 8 U.S.C. § 1229b(a). The immigration judge ("IJ") determined that Francis was ineligible for cancellation of removal because he had failed to refute evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the record indicating that he had aggravated felony convictions for access device fraud and conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(a)(5) and (b)(2), which had resulted in restitution of $285,439. *See* 8 U.S.C. 1101(a)(43)(M)(i), (U).   Francis now petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal of the IJ's adverse decision.

Francis challenges the BIA's ruling that, to qualify for cancellation of removal, he was required to provide documentation showing that he was not in fact convicted of access device fraud or conspiracy or that the offenses did not constitute aggravated felonies.  He contends that the government had the initial burden to produce evidence indicating that the aggravated felony bar might apply.   Francis also asserts that any records submitted by the government were inconclusive; although the government had argued that Francis was removable on the basis of these aggravated felony convictions, the IJ had found the evidence insufficient to establish removability because the submitted judgment and presentence report were not certified.  *See* 8 U.S.C. § 1229a(c)(3)(B).  He argues that, in light of the inconclusive record, he has satisfied his burden of proving that he was not convicted of an aggravated felony.

To qualify for cancellation of removal, an alien must establish that he has not been convicted of an aggravated felony.  § 1229b(a)(3).  Because the record contained evidence indicating that the aggravated felony bar may apply, Francis was required to show by a preponderance of the evidence "that he is not an aggravated felon and is therefore statutorily eligible for relief." *Vasquez-Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir. 2009); § 1229a(c)(4)(A); 8 C.F.R. § 1240.8(d).  The government had no burden to show that the offense was an aggravated felony.  *See Vasquez-Martinez*, 564 F.3d at 716.  Although

No. 13-60471

the final judgment submitted by the government was insufficient to establish that Francis was removable, it did constitute record evidence indicating the existence of an aggravated felony. *See Vasquez-Martinez*, 564 F.3d at 714-15 (finding that judgment containing an error was insufficient to establish a controlled substance violation for removability purposes but that it constituted "some evidence" of ineligibility for cancellation of removal). The BIA did not err in dismissing Francis's appeal, so we deny his petition for review.

PETITION DENIED.