# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60693
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2016

Lyle W. Cayce
Clerk

NELSA NEREIDA REYES ALVARADO,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A070 620 875

Before REAVLEY, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Mexican citizen Nelsa Nereida Reyes Alvarado petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing her appeal from the order of the immigration judge denying her application for cancellation of removal pursuant to 8 U.S.C. § 1229b(a). She was found ineligible for cancellation of removal because she had not shown that her Texas conviction for possession with the intent to deliver a controlled substance did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitute an aggravated felony.  Reyes Alvarado contends that the Texas statute under which she was convicted, Texas Health & Safety Code § 481.112, is not divisible.  Accordingly, she argues that, in analyzing whether her conviction for violating § 481.112 constitutes an "aggravated felony" for the purposes of § 1229b(a)(3), we are limited to the categorical approach and prohibited from employing the modified categorical approach.  She further argues that, because § 481.112 criminalizes offers to sell a controlled substance and the Controlled Substances Act (CSA) does not, a violation of § 481.112 may or may not constitute an "aggravated felony" for the purposes of § 1101(a)(43)(B).  As a result, Reyes Alvarado argues that a violation of § 481.112 is categorically not an "aggravated felony," and the BIA committed error in dismissing her appeal on that basis.

Reyes Alvarado also argues that the BIA erred by relying on *United States v. Ford*, 509 F.3d 714 (5th Cir. 2007), in dismissing her appeal.  She claims that *Ford* is inapposite because it only addressed whether a violation of § 481.112 constituted a "controlled substance offense" under the U.S. Sentencing Guidelines and not a felony under the CSA.  Reyes argues that the Guideline's definition of "controlled substance offense," *see* U.S.S.G. § 4B1.2(b), differs from § 481.112 in that the controlled substances covered under § 4B1.2(b) and § 481.112, respectively, are not exactly the same and, therefore, that § 481.112 is both broader and narrower than § 4B1.2(b).

"The BIA's determination that an alien is ineligible for discretionary relief in the form of cancellation of removal is a question of law that [this court] review[s] de novo, deferring to the BIA's interpretation of the statutes and regulations it administers."  *Vasquez-Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir. 2009) (citation omitted).  An aggravated felony conviction makes an alien ineligible for cancellation of removal.  § 1229b(a)(3).  A conviction for

No. 15-60693

"illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)" qualifies as an aggravated felony for immigration purposes. § 1101(a)(43)(B). Reyes Alvarado has the burden of establishing that she is eligible for cancellation of removal. *See Le v. Lynch*, 819 F.3d 98, 105 (5th Cir. 2016) (citing § 1229a(c)(4)(A)); 8 C.F.R. § 1240.8(d).

As a preliminary matter, we hold that Reyes Alvarado has not properly exhausted her claim that the BIA's reliance on *Ford* in dismissing her appeal was error. Despite the fact that both the immigration judge and the BIA relied upon *Ford* in their decisions, Reyes Alvarado never raised her arguments concerning *Ford*—and the distinction between the controlled substances covered by § 481.112 and § 4B1.2(b)—with the BIA, either in her appeal brief or through a motion for reconsideration. By failing to do so, she did not exhaust her administrative remedies as to this claim, and such a failure constitutes a jurisdictional bar to our review. *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009); 8 U.S.C. § 1252(d)(1). Accordingly, Reyes Alvarado's petition will be dismissed, in part, on this ground.

As concerns Reyes Alvarado's divisibility argument, this court has already conclusively found that § 481.112 is divisible. *United States v. Teran-Salas*, 767 F.3d 453, 459 (5th Cir. 2014) ("Because § 481.112(a) criminalizes discrete acts—manufacturing, delivering, and possessing with intent to deliver—it is divisible."). Reyes Alvarado's arguments to the contrary are unavailing. *See United States v. Ruff*, 984 F.2d 635, 640 (5th Cir. 1993) (holding that one panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the Supreme Court). Because § 481.112 is divisible, we can implement the modified categorical approach, and look to the documents

3

relevant to Reyes Alvarado's conviction to determine whether it constitutes an aggravated felony. *See Omari v. Gonzales*, 419 F.3d 303, 307 (5th Cir. 2005).

Reyes Alvarado's conviction records reveal that she was convicted of the following offense in violation of § 481.112: "Possession of a Controlled Substance with Intent to Deliver, Methamphetamine, 4-200 grams."  In *Vasquez-Martinez*, we conclusively held that a conviction under § 481.112 for "possession with intent to deliver" was a "drug trafficking crime" and an "aggravated felony" for purposes of § 1101(a)(43)(B).  564 F.3d at 718-19. Because it is clear that Reyes Alvarado was convicted of possession with an intent to deliver under § 481.112—and we are bound by our holding in *Vasquez-Martinez* that a conviction under § 481.112 for possession with the intent to deliver is an aggravated felony for the purposes of § 1101(a)(43)(B)—we hold that the BIA did not err in concluding that (i) Reyes Alvarado failed to satisfy her burden of establishing that she had not been convicted of an aggravated felony and (ii) she was ineligible for cancellation of removal.

PETITION DISMISSED IN PART AND DENIED IN PART.