# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2017

Lyle W. Cayce
Clerk

No. 15-60766
Summary Calendar

BELARMINO CASTANEDA-MERCHAN, also known as James Mikkelson, also known as James Michaelson, also known as Jaime Castaneda, also known as Merchan Castaneda,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 958 986

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Belarmino Castaneda-Merchan, a native and citizen of Colombia, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) order denying Castaneda-Merchan's application for cancellation of removal and ordering him removed. The BIA and IJ found that Castaneda-Merchan did not establish

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he was eligible for cancellation of removal under 8 U.S.C. § 1229b(a) because he failed to show that he was lawfully admitted for permanent residence. *See* § 1229b(a)(1). Though Castaneda-Merchan had obtained lawful permanent resident (LPR) status in 1990 under the Seasonal Agricultural Workers (SAW) program, codified at 8 U.S.C. § 1160(a), the BIA concluded that the status was obtained through mistake or fraud. The BIA noted that Castaneda-Merchan testified unequivocally that he had entered the United States in May 1986. Therefore, the BIA found that Castaneda-Merchan had not performed seasonal agricultural work for at least 90 days during the 12-month period ending on May 1, 1986 and was not eligible for LPR status under the SAW. *See* § 1160(a)(1)(B).

Castaneda-Merchan argues that the BIA erred in failing to apply the doctrines of res judicata or collateral estoppel to the issues of his entry date and the lawfulness of his status as an LPR. He contends that these issues were clearly litigated in prior deportation proceedings that were administratively closed in 1999.

The doctrine of res judicata applies to immigration proceedings. *Andrade v. Gonzales*, 459 F.3d 538, 545 (5th Cir. 2006). Under the doctrine, "a valid and final judgment precludes a second suit between the same parties on the same claim or any part thereof when in the first litigation there was an opportunity to get to the merit[s]" of the disputed issue. *Id.* (internal quotation marks, citation, ellipsis, and brackets omitted). Similarly, under the doctrine of collateral estoppel, "an issue of law or fact litigated and determined by a valid and final judgment, in which the determination of that issue was essential, cannot be relitigated in a subsequent proceeding." *Medina v. INS*, 993 F.2d 499, 503, n.15 (5th Cir. 1993). Because Castaneda-Merchan's prior deportation proceedings were administratively closed, there was no final

judgment. *See Matter of Avetisyan*, 25 I & N Dec. 688, 695 (BIA 2012). Accordingly, the BIA did not err in determining that the doctrines of res judicata and collateral estoppel were inapplicable. *See Medina*, 993 F.2d at 504.

Castaneda-Merchan also contends that the documentary evidence established that he was admitted as an LPR in 1990, and that therefore, he established eligibility for cancellation of removal. He contends that the BIA erroneously assigned him the burden of proving that his prior adjustment was lawful and that the Government should have had the burden to prove the unlawful nature of his status. We review this question of law de novo, "deferring to the BIA's interpretation of the statutes and regulations it administers." *Vasquez-Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir. 2009).

Contrary to Castaneda-Merchan's assertion, an alien applying for relief from removal has the burden of proof to establish that he is statutorily eligible for relief. § 8 U.S.C. 1229a(c)(4)(A)(i); *Ramos-Torres v. Holder*, 637 F.3d 544, 548 (5th Cir. 2011). To be eligible for cancellation of removal, Castaneda-Merchan must show that he had been lawfully admitted for permanent residence for not less than five years, had resided in the United States for seven years after being admitted, and had not been convicted of an aggravated felony. *See* § 1229b(a). The phrase "lawfully admitted for permanent residence" in section 1229b(a)(1) is defined as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." 8 U.S.C. § 1101(a)(20).

Because Castaneda-Merchan testified that he entered the United States in May 1986, he was ineligible for LPR status in 1990 through the SWA. *See*

§ 1160(a)(1)(B).  Thus, he failed to show that he was eligible for cancellation of removal.  *See Ramos-Torres*, 637 F.3d at 546-51; § 1229b(a)(1).

The petition for review is DENIED.