# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60464
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2017

Lyle W. Cayce
Clerk

ROGELIO MENDOZA CHAVEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A022 864 156

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Rogelio Mendoza Chavez, a native and citizen of Mexico, challenges the determination of the Board of Immigration Appeals (BIA) that he is ineligible for a waiver of removability under 8 U.S.C. § 1227(a)(1)(H). Underlying this challenge is Mendoza's admission that, at the time he adjusted his status to that of a lawful permanent resident in 1979, he misrepresented his status as being unmarried. (Because Mendoza failed to raise before the BIA his

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

contention that he was denied due process, he did not meet the statutory mandate to exhaust administrative remedies, and we lack jurisdiction over the issue. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009).)

When the Department of Homeland Security (DHS) served Mendoza with a Notice to Appear in 2015—charging him with removability pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), as an alien who, after admission, had been convicted of a violation of a law or regulation relating to a controlled substance— Mendoza sought a § 1227(a)(1)(H) fraud waiver of removal on the grounds that he misrepresented his marital status in becoming a lawful permanent resident. DHS, however, refused to charge Mendoza as inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) based on his admitted fraud or misrepresentation. Instead, DHS continued to maintain Mendoza was removable, pursuant to § 1227(a)(2)(B)(i), due to his controlled-substance conviction.

The immigration judge (IJ) ordered Mendoza removed to Mexico, finding he was ineligible for a § 1227(a)(1)(H) fraud waiver of removal because he had "not been charged with and [was] not subject to removal on the ground that he committed fraud or misrepresentation". The IJ further ruled DHS was not obligated to charge Mendoza with §§ 1227(a)(1)(A) and 1182(a)(6)(C)(i) "for misrepresenting material facts on his application for adjustment" merely because Mendoza "admitted he committed fraud or misrepresentation in obtaining adjustment of status".

The BIA dismissed Mendoza's appeal, ruling the § 1227(a)(1)(H) fraud waiver "is to be used to prevent removal 'on the grounds' of misrepresentation or fraud", and Mendoza did "not face removal on the grounds of misrepresentation or fraud; rather he is removable based on a drug offense". Therefore, the BIA ruled Mendoza was "ineligible to seek a fraud waiver under

[§ 1227(a)(1)(H)] as his sole ground of removability relates to a drug offense rather than fraud or misrepresentation".

Mendoza does not challenge the drug-offense removability. Instead, he contends the BIA erred in ruling he was ineligible for a § 1227(a)(1)(H) fraud waiver on the ground that he was not charged with removability based on fraud or misrepresentation. Because the IJ's underlying decision impacted the BIA's ruling, we will consider the IJ's decision in reviewing Mendoza's claim. *E.g., Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). This question of law is reviewed *de novo*, "deferring to the BIA's interpretation of the statutes and regulations it administers". *Vasquez-Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir. 2009).

Section 1227(a)(1)(H) provides an alien shall be eligible for a waiver of "[t]he provisions of this paragraph relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission as aliens described in section 1182(a)(6)(C)(i)" to the extent the alien, *inter alia*, "was otherwise admissible to the United States at the time of such admission", but for "fraud or misrepresentation". Section 1182(a)(6)(C)(i) states: "Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible".

In *Reid v. INS*, 420 U.S. 619 (1975), the Court held the fraud waiver applied only in two situations: (i) where deportation is sought on the specific grounds of failure to comply with quota restrictions, which the Court had previously addressed in *INS v. Errico*, 385 U.S. 214 (1966); and (ii) where deportation is sought on the grounds that the alien was ineligible for admission due to fraud or misrepresentation. *Reid*, 420 U.S. at 629–30. To hold otherwise

3

would lead to the illogical conclusion that the fraud waiver "waives a substantive ground for deportation . . . if the alien can affirmatively prove his fraudulent intent at the time of entry, but grants no relief to aliens" otherwise qualifying for the waiver "who are unable to satisfactorily establish their dishonesty". *Reid*, 420 U.S. at 629. By enacting the fraud waiver, Congress "did not intend to arm the dishonest alien seeking admission to our country with a sword by which he could avoid the numerous substantive grounds for exclusion unrelated to fraud". *Id.* at 630–31. Moreover, in holding the petitioners in *Reid* did not qualify for the waiver, the Court implicitly held it is within the INS's discretion whether to charge an alien with fraud or misrepresentation, and the exercise of such discretion could ultimately determine whether the waiver was available. *Id.* at 623 (if "the INS were seeking to deport petitioners on" the grounds of fraud or misrepresentation, "they would be entitled to have applied to them the provisions of" the fraud waiver, but the INS instead opted to deport petitioners on other grounds).

DHS did not seek to remove Mendoza on the specific grounds of failure to comply with quota restrictions. *See Reid*, 420 U.S. at 623. Further, given the *Reid* rationale, DHS was not obligated to charge Mendoza with removability under § 1182(a)(6)(C)(i) based on his admitted fraud or misrepresentation. Because Mendoza was not charged with removability for fraud or misrepresentation—and his sole ground of removability was for a controlled-substance conviction, *see* § 1227(a)(2)(B)(i)—he was ineligible for a § 1227(a)(1)(H) fraud waiver.

DENIED.

4