# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60048
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2016

Lyle W. Cayce
Clerk

VIDAL ALEXANDER REYES,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A043 738 605

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Vidal Alexander Reyes, a native and citizen of El Salvador, petitions this court for review of the decision of the Board of Immigration Appeals (BIA), which affirmed the immigration judge's (IJ) denial of his applications for cancellation of removal, withholding of removal, and relief under the Convention Against Torture (CAT). Reyes argues that the IJ and BIA erroneously determined that that he was ineligible for cancellation of removal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60048

because he had been convicted of an aggravated felony, specifically a 2010 conviction for simple marijuana possession.  We lack jurisdiction to review a final order of removal against an alien who is removable because he has been convicted of an aggravated felony or a controlled substance violation.  8 U.S.C. § 1252(a)(2)(C); *see* 8 U.S.C. § 1227(a)(2); 8 U.S.C. § 1229b(a)(3).  However, we retain jurisdiction to review constitutional questions and questions of law, even when the alien is removable under these circumstances.  § 1252(a)(2)(D).

In this matter, the record reflects that Reyes's 2010 state conviction for marijuana possession was enhanced based on his 2007 state conviction for the same crime.  The 2010 judgment of conviction also establishes that Reyes pleaded true to the enhancement.  Therefore, the 2010 conviction qualifies as a drug trafficking offense because it could have been punished as a recidivist offense under the Controlled Substances Act by a term of imprisonment exceeding one year.  *See* 8 U.S.C. § 1101(a)(43(B); 18 U.S.C. § 924(c)(2); 18 U.S.C. § 3559(a); 21 U.S.C. § 844(a); *Lopez v. Gonzalez*, 549 U.S. 47, 60 (2006). Reyes has not demonstrated that the IJ and BIA erred in finding him ineligible for cancellation of removal because of a prior aggravated felony conviction.  *See Carachuri-Rosendo v. Holder*, 560 U.S. 563, 581-82 (2010); *Vasquez-Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir. 2009).

Reyes also asserts that he is entitled to withholding of removal because of his cultural assimilation to the United States and the dangers faced by Americans in El Salvador.  However, Reyes has not established that it is more likely than not that his life or freedom will be threatened upon his return to El Salvador because of his membership in a purported social group.  *See Orellana-Monson v. Holder*, 685 F.3d 511, 518-19 (5th Cir. 2012); *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004); 8 C.F.R. § 208.16(b).

No. 15-60048

Finally, although Reyes mentions his application for protection under the CAT, he does not brief the issue and, therefore, waives the claim. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Yohey v. Collins*, 985 F.2d 222, 224 (5th Cir. 1993); FED. R. APP. P. 28(a)(8)(B).

For the foregoing reasons, Reyes's petition for review is DENIED.