# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40136

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA WALLACE,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-595-1

Before JONES, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Defendant Joshua Wallace pleaded guilty after being informed during his plea colloquy that he faced a maximum sentence of ten years in prison. The district court then sentenced Wallace to 160 months in prison based on the Armed Career Criminal Act ("ACCA"). The government concedes there was error and requests that the judgment be vacated and the case remanded to the district court for trial or a new plea with a full understanding of the penalties faced. We VACATE and REMAND.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40136

I.

In a five-count indictment, a grand jury charged Wallace with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (counts one through three) and with possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (counts four and five). Pursuant to a plea agreement, Wallace pleaded guilty to count one and waived his right to appeal his conviction and sentence, unless the sentence imposed exceeded the statutory maximum.[1]   In return, the government agreed to dismiss the other four counts.  The government also agreed that if Wallace provided substantial assistance it would recommend a reduction in his sentence as permitted by § 5K.1.1 of the United States Sentencing Guidelines (the "Guidelines"); however, the plea agreement did not obligate the government to do so if in its opinion Wallace did not provide substantial assistance.  The plea agreement did not specify any mandatory minimum or maximum sentence.

During the guilty plea colloquy required by Rule 11 of the Federal Rules of Criminal Procedure, the district court advised Wallace that he faced a ten-year maximum sentence under §§ 922(g) and 924(a)(2).  According to the pre-sentence investigation report ("PSR"), however, Wallace had five prior violent felony convictions and was therefore subject to the higher penalties imposed by the ACCA.  Contrary to what the district court advised him in the plea colloquy, this resulted in Wallace being subject to a mandatory minimum sentence of fifteen years in prison.  Wallace did not

---

[1] The government does not seek to invoke the appeal waiver.  In any event, Wallace's appeal waiver cannot be enforced because he challenges the validity of the plea agreement itself.  *See United States v. Carreon–Ibarra,* 673 F.3d 358, 362 n.3 (5th Cir. 2012) (explaining that an appeal waiver "cannot be enforced to bar a claim that the waiver itself—or the plea agreement of which it was a part—was unknowing or involuntary") (citation and internal quotation marks omitted).

No. 13-40136

object to the plea colloquy, nor did he file an objection to the PSR.

At sentencing, the government moved for a downward departure under § 5K.1.1 of the Guidelines based on Wallace's substantial assistance. The government asked the court to sentence Wallace below the fifteen-year statutory minimum imposed by the ACCA to 160 months of imprisonment. The district court granted the government's motion and sentenced Wallace to 160 months of imprisonment.

On appeal, Wallace argues that the district court failed to comply with Rule 11 by advising him during the plea colloquy that he faced a maximum ten-year sentence when in fact he was subject to a fifteen-year mandatory minimum sentence under the ACCA.[2] The government filed a brief conceding that the district court's judgment should be vacated.

## II.

Because Wallace did not object to the district court's plea colloquy, we review for plain error. *United States v. Oliver*, 630 F.3d 397, 411 (5th Cir. 2011) (citing *United States v. Vonn*, 535 U.S. 55, 59 (2002)). Under plain error review, Wallace must show: (1) an error, (2) that is plain, (3) and that affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). After this showing, we have discretion to remedy the error (4) "only if the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Escalante–Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (alterations in original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). As the government concedes, the district court's mistaken statement during the plea colloquy regarding Wallace's

---

[2] Wallace also challenges the use of his five prior convictions to enhance his sentence, arguing that he should not have been sentenced under the ACCA. Because we vacate and remand the district court's decision based upon Wallace's Rule 11 argument, we do not reach this issue. Wallace is free to raise it at the district court if he again faces sentencing under the ACCA.

No. 13-40136

potential sentence satisfies all four prongs of plain error review.

"A district court commits Rule 11 error when accepting a guilty plea if it fails to inform the defendant accurately of the proper minimum sentence that will result from the plea." *United States v. Carreon–Ibarra*, 673 F.3d 358, 364 (5th Cir. 2012) (citation and internal quotation marks omitted); *see* Fed. R. Crim. P. 11(b)(1)(I). More specifically, the Supreme Court has explained that "[i]f [a] judge told [a] defendant that the maximum possible sentence was 10 years and then imposed a sentence of 15 years based on ACCA, the defendant would have been sorely misled and would have a ground for moving to withdraw the plea." *United States v. Rodriquez*, 553 U.S. 377, 384 (2008).

Almost an identical error occurred here—the district court incorrectly advised Wallace that he faced a maximum sentence of ten years when in fact he faced a minimum sentence of fifteen years based on the ACCA.[3] Given the rule of *Carreon–Ibarra* and the fact that the Supreme Court has specifically noted that what occurred here would be grounds for moving to withdraw a guilty plea, we have no difficulty concluding that the error was "clear or obvious." *Puckett*, 556 U.S. at 135. The first two prongs of plain error review are therefore satisfied in this case.

To satisfy prong three of plain error review, i.e., the error affected his substantial rights, Wallace must show that there is a reasonable probability that but for the Rule 11 error, he would not have pleaded guilty. *United States v. Alvarado–Casas*, 715 F.3d 945, 953 (5th Cir. 2013). It is undisputed

---

[3] Although Wallace subsequently received a downward departure under § 5K.1.1 of the Guidelines, he did not have assurance when entering his plea that he would benefit from a downward departure, and he may have contemplated that his substantial assistance would reduce his sentence to below the ten-year maximum of which he was advised during the plea colloquy. In any event, his ultimate sentence of 160 months was still forty months in excess of the ten-year maximum.

that Wallace has met this burden.  If Wallace had known that he faced a minimum sentence of fifteen years based on the ACCA, rather than a maximum sentence of ten years, there is a reasonable probability he would not have pleaded guilty. *See United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996) (setting aside a conviction where a defendant pleaded guilty with "erroneous information as to the possible penalty he faced").  Moreover, this is not a case where declining the plea agreement would have exposed the defendant to a potentially higher imprisonment range—the PSR stated that had Wallace been convicted at trial of all five counts in the indictment, his imprisonment range would have remained the same. *Cf. Alvarado–Casas*, 715 F.3d at 945–55 (third prong of plain error review not satisfied when it was "not reasonably probable that [the defendant] would have declined the plea deal and exposed himself to a higher potential Guidelines range and maximum sentence").

Finally, although we exercise our discretion under the fourth prong of plain error review "sparingly," *United States v. Young*, 470 U.S. 1, 15 (1985), we find it appropriate to exercise our discretion to remedy this error.  Telling Wallace that he faced a maximum sentence of ten years and then sentencing him to 160 months, forty months more, resulted in him being "sorely misled," in the words of the Supreme Court. *Rodriquez*, 553 U.S. at 384.  Wallace has shown that what occurred to him affected the "fairness, integrity, or public reputation" of the judicial proceeding. *See Escalante–Reyes*, 689 F.3d at 426.

### III.

We VACATE the judgment and sentence, and REMAND for proceedings consistent with this opinion.