# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60344
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 27, 2016

Lyle W. Cayce
Clerk

CESAR L. GRIJALVA LIMON, also known as Cesar Ivan Grijalva-Limon,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 624 266

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Cesar L. Grijalva Limon, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the immigration judge's (IJ) denial of his application for cancellation of removal.

In 1994, Grijalva entered the United States without inspection; seven years later, he adjusted his status to that of a lawful permanent resident. He

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-60344

has four criminal convictions, including a 2007 Kansas state-law conviction for attempted possession of drug paraphernalia. In 2014, following a state-law drug conviction in Texas, Grijalva was charged with being an alien subject to removal under 8 U.S.C. § 1227(a)(2)(B)(i) (providing removability for aliens convicted of controlled-substance violations).

Grijalva conceded removability, and applied for cancellation of removal under 8 U.S.C. § 1229b(a). To be eligible under that subsection, Grijalva was required to show, *inter alia*, he resided in the United States continuously for seven years after being admitted in any status. *See* 8 U.S.C. § 1229b(a). The IJ determined, and the BIA affirmed, Grijalva failed to show he continuously resided in the United States for seven years after his admission, because his 2007 Kansas controlled-substance conviction rendered him inadmissible on the day the crime was committed. *See Miresles-Zuniga v. Holder*, 743 F.3d 110, 112 (5th Cir. 2014); *see also* 8 U.S.C. § 1182(a)(2)(A)(i)(II). In challenging that determination, Grijalva asserts: his Kansas conviction is *not* a controlled-substance conviction; therefore, his period of continuous residence was uninterrupted.

"This [c]ourt has jurisdiction to review only legal and constitutional issues raised pertaining to removal orders." *Vasquez-Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir. 2009). Because Grijalva presents such an issue, the BIA's determination is reviewed "*de novo*, deferring to [its] interpretation of the statutes and regulations it administers". *Id.* The IJ's underlying decision is reviewed only to the extent it impacted the BIA's opinion. *E.g.*, *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).

As provided in 8 U.S.C. § 1182(a)(2)(A)(i)(II), an alien is inadmissible when the alien violates a law regulating a controlled substance (as defined in 21 U.S.C. § 802). Because Kansas' controlled-substance schedules include

2

substances not listed in § 802, Kansas' drug-paraphernalia offenses do not categorically "relate to a controlled substance". *See Mellouli v. Lynch*, 135 S. Ct. 1980, 1990–91 (2015). The BIA determined, however, that the state statute was divisible; therefore, Grijalva had the burden of showing, under the modified-categorical approach, that his drug-paraphernalia conviction was related to a substance not included in § 802. *See Descamps v. United States*, 133 S. Ct. 2276, 2284–86 (2013); *United States v. Rodriguez-Negrete*, 772 F.3d 221, 225 (5th Cir. 2014), *cert. denied* 135 S. Ct. 1538 (9 Mar. 2015). Because the record was inconclusive as to the type of controlled substance involved in the offense, the BIA concluded Grijalva failed to prove his conviction was not for an offense relating to a controlled substance (as defined in § 802).

Grijalva does not contest here the statute's divisibility. Instead, he relies on *Mellouli* for the proposition that his Kansas conviction was not categorically related to a controlled substance offense. In *Mellouli*, the burden was on the Government to show removability. 135 S. Ct. at 1983–84, 1986 n.4. But here, the burden was on Grijalva to establish his eligibility for cancellation of removal. *See Vasquez-Martinez*, 564 F.3d at 715–17; 8 U.S.C. § 1229a(c)(4)(A)(i); 8 C.F.R. § 1240.8(d). Because the record is ambiguous, Grijalva fails to show his Kansas offense was not related to a federal controlled substance; therefore, he has not established eligibility for cancellation of removal.

DENIED.