# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 17-40007

—————

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

JOSHUA WALLACE,

      Defendant – Appellant.

—————————————

Appeal from the United States District Court
for the Southern District of Texas

—————————————

Before KING, ELROD, and ENGELHARDT, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Joshua Wallace appeals the denial of his 28 U.S.C. § 2255 motion for post-conviction relief, arguing that the district court erred in its determination that three of his prior Texas burglary convictions qualified him for an enhanced sentence under the Armed Career Criminal Act (ACCA). Because our binding precedent holds that convictions under the Texas burglary statute do qualify for the enhancement, we affirm.

I.

In 2014, Wallace pleaded guilty to possession of a firearm, having previously been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2).[1] The district court determined that Wallace had three qualifying prior "violent felony" convictions and applied the ACCA enhancement to his sentence.[2] We affirmed. *See United States v. Wallace*, 584 F. App'x 263, 265 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1512 (2015).

Wallace then filed the instant § 2255 motion, contesting his sentencing enhancement. The district court denied his motion, reiterating that Wallace had three prior convictions qualifying as violent felonies for purposes of the ACCA enhancement. It also denied Wallace a Certificate of Appealability (COA).

Wallace then asked this court for a COA. Application for Certificate of Appealability, *United States v. Wallace*, No. 17-40007 (5th Cir. May 1, 2017). We deferred action on his request pending our *en banc* opinion in *Herrold*, which also involved the application of the ACCA enhancement to convictions under the Texas burglary statute. *See United States v. Herrold* (*Herrold I*), 883 F.3d 517 (5th Cir. 2018) (en banc). Following our decision in that case, we granted Wallace's COA. Order, *United States v. Wallace*, No. 17-40007 (5th Cir. Apr. 4, 2018). Before we could issue a ruling, however, the Supreme Court vacated and remanded our *Herrold* decision. *United States v. Herrold*, 139 S. Ct. 2712 (2019). We subsequently placed the instant case in abeyance pending the issuance of a new *en banc* opinion. After our second *Herrold* opinion was

---

[1] Wallace had earlier pleaded guilty to, and was sentenced for, this same offense. We subsequently vacated that judgment and sentence on grounds not relevant to the instant appeal. *See United States v. Wallace*, 551 F. App'x 193, 194 (5th Cir. 2014).

[2] The probation office initially noted two other "violent felony" convictions—one for a fourth burglary and another for escape from custody. The fourth burglary conviction did not seem to factor into the district court's determination, and the escape-from-custody conviction, although initially counting as one of the three convictions relied upon by the district court, subsequently fell out of the case after the parties agreed that it could no longer serve as a predicate following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

No. 17-40007

published, *United States v. Herrold* (*Herrold II*), 941 F.3d 173 (5th Cir. 2019) (en banc), we removed this case from abeyance and directed the parties to file supplemental briefing addressing *Herrold II*'s effect, if any.

## II.

The ACCA provides for an enhanced fifteen-year mandatory minimum sentence if a defendant has three or more prior "violent felony" convictions. 18 U.S.C. § 924(e)(1). The Act specifically enumerates burglary as a "violent felony," *id.* § 924(e)(2)(B)(ii), which the Supreme Court has defined to require "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime," *Taylor v. United States*, 495 U.S. 575, 598 (1990).

State burglary statutes *no broader* than this formulation are deemed "generic"; those broader are considered "non-generic." *Mathis v. United States*, 136 S. Ct. 2243, 2247 (2016). Only convictions under generic statutes count toward the ACCA sentencing enhancement. *Id.* The Texas statute under which Wallace was convicted defines burglary as:

> (a) A person commits an offense if, without the effective consent of the owner, the person:
>
> (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
>
> (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
>
> (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Tex. Pen. Code § 30.02(a).

No. 17-40007

The question in this case, then, is whether section 30.02(a) is generic. *Herrold II* concluded that it is. 941 F.3d at 182. As such, Wallace's prior burglary convictions qualify as predicates for the ACCA enhancement.

III.

Wallace, however, disputes that *Herrold II* answers the question. In his supplemental brief, he argues that the Texas burglary statute is actually non-generic because section 30.02(a)(3) does not require *intent* at any time during commission of the offense. In other words, because the Supreme Court has defined burglary as the "unlawful or unprivileged entry into, or remaining in, a building or other structure, with *intent* to commit a crime," *Taylor*, 495 U.S. at 598 (emphasis added), and because section 30.02(a)(3), unlike the statute's other two subsections, does not specifically require intent, Wallace contends that the statute is non-generic.[3]

Herrold made the very same argument—that section 30.02(a)(3) permits conviction if, after unlawfully entering a habitation, the intruder commits a reckless offense, i.e., a *mens rea* less than intent. *See Herrold II*, 941 F.3d at 178–79. The statute, he claimed, is therefore broader than the generic definition such that convictions under it cannot qualify as predicates for the ACCA enhancement. For support, he pointed to the Seventh Circuit's decision in *Van Cannon v. United States*, 890 F.3d 656, 663–64 (7th Cir. 2018). The court there, confronting a similarly phrased state burglary statute, held that the statute was broader than generic burglary because the crime never required proof of intent. *Id.*

---

[3] In *Herrold II*, we confirmed that the Texas burglary statute is indivisible, 941 F.3d at 177, meaning the whole statute is compared to the generic definition, not just the specific provision under which the defendant was convicted, *id.* at 176 n.10. That means that even if Wallace was convicted under sections 30.02(a)(1) or (2)—clearly requiring intent—those convictions would not count toward the ACCA enhancement if we determined that section 30.02(a)(3) made the entire statute non-generic.

No. 17-40007

We rejected Herrold's argument, in part, because he failed to support his analysis with applicable Texas case law. *Herrold II*, 941 F.3d at 178–79 (citing *United States v. Castillo-Rivera*, 853 F.3d 218, 222 (5th Cir. 2017) (en banc)). Where Herrold failed, Wallace believes he can succeed. He cites to a handful of Texas cases that he says have upheld convictions under section 33.02(a)(3) on the basis of post-entry offenses requiring only recklessness. Because of that, he claims that *Herrold II* does not resolve his case.

But we did not end our analysis simply after observing that Herrold neglected to cite any applicable Texas cases. Instead, we specifically stated that "[w]e need look no further, *but even if we did*, Texas law rejects Herrold's no-intent interpretation." *Id.* at 179 (emphasis added). We proceeded to cite *DeVaughn v. State*, 749 S.W.2d 62, 65 (Tex. Crim. App. 1988), in which the Texas Court of Criminal Appeals, contrasting section 30.02(a)(3) with the first two subsections, concluded that the requirement in (a)(3) of an "attempted or completed theft or felony . . . merely supplants the specific intent which accompanies entry" in (a)(1) and (a)(2). *Herrold II*, 941 F.3d at 179 (quoting *DeVaughn*, 749 S.W.2d at 65). We then explained how, immediately afterward, the *DeVaughn* court quoted with approval the Practice Commentary accompanying (a)(3), which interpreted (a)(3) burglary as "the conduct of one who enters without effective consent but, lacking intent to commit any crime upon his entry, *subsequently forms that intent* and commits or attempts a felony or theft." *Id.* (quoting *DeVaughn*, 749 S.W.2d at 65 (quoting Tex. Pen. Code § 30.02 cmt. (West 1974))). Finally, we noted that Texas Court of Appeals cases mirrored this formulation. *Id.* (citing *Flores v. State*, 902 S.W.2d 618, 620 (Tex. App.—Austin 1995, pet. ref'd) and *Leaks v. State*, 2005 WL 704409, at *2 (Tex. App.—Corpus Christi Mar. 24, 2005, pet. ref'd)).

We did not stop there, though. We also cited with approval the dissenting opinion in *Herrold I*, which itself agreed with the Fourth Circuit's view that

5

"(a)(3) substantively contains the requisite intent element because to attempt or complete a crime requires intent to commit the crime." 883 F.3d at 546 (Haynes, J., dissenting); *see United States v. Bonilla*, 687 F.3d 188, 193 (4th Cir. 2012). That is, because (a)(3) "requires an unlawful or unprivileged entry AND the actual *commission or attempted commission* of a crime," the statute necessarily includes all the generic elements—the intent is inherent in the crime's commission or attempt. *Herrold I*, 883 F.3d at 546 (Haynes, J., dissenting).

Still, Wallace does not think this extended discussion spells doom for his case. He claims that everything coming after the "but even if"—*DeVaughn*, section 30.02(a)(3)'s Practice Commentary, the dissent in *Herrold I*—is merely dicta. We are thus not bound to follow it. He argues that *Herrold II*'s holding that section 30.02(a) is generic begins and ends with its discussion of Herrold's failure to supply relevant Texas case law.

For support, Wallace points to two of our recent cases in which we made a point to clarify when a discussion constitutes an alternative holding and not dicta. *See, e.g.*, *Ramos-Portillo v. Barr*, 919 F.3d 955, 962 n.5 (5th Cir. 2019) ("This alternative holding is not dicta."); *United States v. Reyes-Contreras*, 910 F.3d 169, 179 & n.19 (5th Cir. 2018) (en banc) (stating the same). That clarification, he says, is missing in *Herrold II*. Moreover, the *Herrold II* court, in concluding its discussion of this issue, stated that it was "mindful of the constraints of *Castillo-Rivera*." 941 F.3d at 180. To Wallace, the quoted language indicates that Herrold's failure to provide any supporting case law, and that alone, served as the basis for this court's holding. Having established the discussion as dicta, and therefore not binding, Wallace sets out to prove the dicta is wrong.

We need not address that latter argument, though, because we disagree with Wallace's assertion that our holding in *Herrold II* is confined to Herrold's

failure to provide supportive Texas cases. Even before we discussed that failure, we confirmed that "[a]fter *Quarles* [*v. United States*, 139 S. Ct. 1872 (2019)], Texas's statute is generic." 941 F.3d at 177. And again, at the end of the opinion, we unequivocally stated, without any modifiers or prefacing, that "[w]e hold that Section 30.02(a)(3) is generic." *Id.* at 182.

As to Wallace's point about dicta, although we did not explicitly say in *Herrold II* that "this is an alternative holding," we have in past cases signaled an alternative holding simply by using a formulation similar to *Herrold II*'s "even if." *See, e.g., United States v. Bueno*, 585 F.3d 847, 850 n.3 (5th Cir. 2009) ("[T]he court at most offered an alternative holding, a conclusion compelled by its decision to start the substantial rights analysis with 'Even *were* there error that was plain . . . .'" (quoting *United States v. Fernandez*, 559 F.3d 303, 316 (5th Cir. 2009))); *Pruitt v. Levi Strauss & Co.*, 932 F.2d 458, 465 (5th Cir. 1991) (noting an alternative holding where the court "reiterated that even if the employee *had produced* evidence of an oral contract, the contract *would have been* barred by the statute of frauds" (internal quotation marks omitted)). Because alternative holdings in this circuit "are binding precedent and not obiter dictum," *Texas v. United States*, 809 F.3d 134, 178 n.158 (5th Cir. 2015) (quoting *United States v. Potts*, 644 F.3d 233, 237 n.3 (5th Cir. 2011)), we are bound to follow them.

## IV.

If the Texas burglary statute is generic, Wallace's prior burglary convictions qualify him for the ACCA enhancement. Our *en banc* court says that it is. We must adhere to that. We therefore AFFIRM the district court's denial of Wallace's § 2255 motion.