# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2021

Lyle W. Cayce
Clerk

No. 19-31063
Summary Calendar

Lovelle Lang,

*Petitioner—Appellant*,

*versus*

Calvin Johnson, *Warden, Federal Correctional Complex Pollock*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:19-CV-1290

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:*

Lovelle Lang, Louisiana prisoner # 28397-034, was convicted in 2006 of one count of conspiracy to commit carjacking, in violation of 18 U.S.C. § 371; one count of conspiracy to violate 18 U.S.C. § 924(n), by discharging firearms in a crime of violence; three counts of carjacking, in violation of 18

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

U.S.C. § 2119; one count of carrying a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c); two counts of discharging a firearm in a crime of violence, in violation of § 924(c); and one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g) and punishable under § 924(a)(2).    He was sentenced to 848-months' imprisonment.

Following an appeal and 28 U.S.C. § 2255 motions, all of which were unsuccessful, his 28 U.S.C. § 2241 petition challenging his convictions based upon *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding residual clause of § 924(c)(3)(B) is unconstitutionally vague), was dismissed for lack of jurisdiction.    Proceeding *pro se*, Lang claims:    in the light of *Davis*, conspiracy to commit carjacking is no longer a crime of violence; and, accordingly, he is entitled to relief.    A § 2241 petition's dismissal on the pleadings, as in this instance, is reviewed *de novo*. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

Generally, challenges to a sentence's execution are made under § 2241, and challenges seeking to vacate a conviction or sentence are made under 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).    Pursuant to the savings clause of § 2255, however, petitioner may proceed under § 2241 if § 2255 "is inadequate or ineffective to test the legality of his detention".    28 U.S.C. § 2255(e); *see Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).    Petitioner bears the burden to demonstrate a remedy under § 2255 is inadequate. *Wilson v. Roy*, 643 F.3d 433, 435 (5th Cir. 2011).

The savings clause is satisfied when a prisoner's claim "(i) . . . is based on a retroactively applicable Supreme Court decision which establishes . . . petitioner may have been convicted of a nonexistent offense and (ii) . . . was foreclosed by circuit law at the time when the claim should have been raised

in the petitioner's trial, appeal, or first § 2255 motion". *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Lang cannot satisfy this standard.

First, *Davis* is not implicated by his non-§ 924(c) convictions. *See Davis*, 139 S. Ct. at 2336. Additionally, his carjacking convictions, the predicates for his § 924(c) convictions, *are* crimes of violence under § 924(c)(3)(A) (elements clause). *See United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017) (affirming carjacking qualifies as a crime of violence under both § 924(c)(3)(A) and § 924(c)(3)(B)), *abrogated in part on other grounds by Davis*, 139 S. Ct. at 2336; *see also United States v. Wallace*, 964 F.3d 386, 390 (5th Cir. 2020) ("[A]lternative holdings in this circuit are binding precedent") (internal quotation marks and citation omitted). Finally, Lang's carjacking conspiracy conviction was not the basis of his § 924(c) convictions; accordingly, whether it is a crime of violence in the light of *Davis* is irrelevant. As a result, Lang failed to carry his burden to demonstrate the inadequacy of the § 2255 remedy.

AFFIRMED.