# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2021

Lyle W. Cayce
Clerk

No. 20-10759

United States of America,

*Plaintiff—Appellee*,

*versus*

Andrew Michael Penny,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-263-1

Before King, Costa, and Willett, *Circuit Judges*.

Per Curiam:*

Andrew Penny appeals his conviction for possessing a firearm as a felon. He argues that the district court erred by refusing to hold a hearing on his suppression motion. He also challenges his sentence, though he recognizes that the sentencing arguments are foreclosed by our precedent.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Police officers had a warrant for Penny's arrest and went looking for him.  Acting on a tip, they soon spotted him driving on the highway.  The officers activated their emergency lights, signaling for Penny to pull over.  But he kept driving.  This pursuit continued for a few miles, until Penny made it back to his house and parked in the driveway.  Penny exited his car, after which officers arrested him without incident.  When getting out of the car, however, Penny had left the keys in the ignition and locked the doors.  Officers searched Penny incident to his arrest and found that he was wearing an empty gun holster.

What happened next is disputed by the parties.  The officers allege that they looked in the car window and saw two firearms on the driver's side floorboard.  They knew Penny was a convicted felon who could not legally possess firearms.  But they could not seize the guns because Penny had locked the keys in the car and told them he did not have a spare key.  So the officers called a tow truck and impounded the car.

Penny disagrees with that version of the story.  He alleges that the officers did not see the guns through the car window until *after* the tow truck loaded his car.  According to Penny, it was only when the car was placed on the tow truck's tilted platform that the guns were jostled into view.

The parties do agree about what happened next.  After Penny's car was impounded, the officers obtained a search warrant and found two semiautomatic firearms in the car.

After being indicted on the federal gun charge, Penny moved to suppress the firearms and requested an evidentiary hearing.  He argued that the "plain view" exception to the warrant requirement did not apply because the officers did not see the pistols until after his car was seized without probable cause.

No. 20-10759

The district court denied Penny's motion to suppress without holding a hearing.  Penny then entered a conditional guilty plea, retaining his right to appeal the suppression issue.  Penny argues that the district court abused its discretion in not holding a suppression hearing because a factual dispute exists about whether the officers saw the guns in plain view before the car was towed.

But we conclude that the officers did not need to have seen guns inside the car to seize the vehicle for the later, authorized search.  These other facts provided more than probable cause to believe firearms were in the car: (1) Penny continued driving for miles instead of pulling over when the officers tried to stop him; (2) Penny locked the car with the keys inside as soon as he got out and claimed to not have another key; and (3) Penny was wearing an empty gun holster.  Had Penny's car been unlocked, this probable cause would have allowed officers to search it right then and there without a warrant.  *See United States v. Wright*, 588 F.2d 189, 193 (5th Cir. 1979).  For Fourth Amendment purposes, once that probable cause exists there is "no difference" between that warrantless vehicle search and what the officers did here—"seizing and holding a car before presenting the probable cause issue to a magistrate."  *See Chambers v. Maroney*, 399 U.S. 42, 51–52 (1970).

Penny's only pushback against the existence of probable cause on these facts is to argue that the Crosman holster he was wearing is used for airguns.  Assuming this argument is properly before us (it was not raised in the district court), there is no showing that a reasonable officer would be familiar with this particular brand of holster and its common use.  The bigger point, though, is that probable cause does not require certainty.  And there is no denying that it is possible to carry actual firearms in a Crosman holster.  The other highly suspicious behavior Penny engaged in—refusing to stop for miles and then locking the car with the keys in the ignition—made it probable that there was contraband in the car that he did not want officers to find.

As a result, even if the officers never saw guns in the car before it was towed, the seizure and subsequent search of the car was lawful.

Penny also challenges his sentence on two grounds but concedes that precedent forecloses both claims. First, he contends that the Armed Career Criminal Act should not have enhanced his sentence because he does not have three violent felony convictions. He acknowledges, however, that our caselaw currently treats his two Texas burglary convictions and one Texas aggravated assault by threat conviction as violent felonies. *See United States v. Wallace*, 964 F.3d 386, 390 (5th Cir. 2020) (citing *United States v. Herrold*, 941 F.3d 173, 181–82 (5th Cir. 2019) (en banc)) (burglary); 18 U.S.C. § 924(e)(2)(B) (qualifying burglary as a violent felony under the ACCA); *United States v. Torres*, 923 F.3d 420, 423 (5th Cir. 2019) (holding that assault by threat is a separate crime from assault by injury); Tex. Penal Code § 22.01(a)(2) (assault by threat can only be committed intentionally or knowingly).[1] He raises this issue only in the hope of further review by a court that is not bound by that caselaw.

Likewise, Penny recognizes that precedent forecloses his argument that any prior convictions used to enhance a sentence must be alleged in the indictment and proven beyond a reasonable doubt. This time that precedent comes from the Supreme Court. *See Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998).

\*\*\*

The judgment is AFFIRMED.

---

[1] Given these three qualifying convictions, we need not resolve the parties' disagreement about the impact of *Borden v. United States*, 141 S. Ct. 1817 (2021), on whether Penny's aggravated robbery convictions are violent felonies.