# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2023

Lyle W. Cayce
Clerk

No. 22-60091

Roberto Rodriguez Gonzalez,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
A079 744 164

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:

Petitioner seeks review of a final order of removal by the Board of Immigration Appeals ("BIA"). He alleges that the BIA and the Immigration Judge ("IJ") committed legal error in concluding that he was ineligible for asylum because of a conviction of Texas aggravated robbery. We disagree and deny his petition for review.

## I. Background

Roberto Rodriguez Gonzalez ("Petitioner") is a native citizen of Mexico who received lawful permanent resident status in the United States

No. 22-60091

in 2003. In 2014, he pleaded guilty to Texas aggravated robbery and was sentenced to eight years' imprisonment.

Subsequently he received a Notice to Appear from the Department of Homeland Security in which he was charged as removable because of his conviction. An IJ found him removable and, further, ineligible for asylum due to his conviction. The BIA affirmed. Following the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct 1204 (2018), in which it was held that the "crime of violence" designation in the relevant removal statute was unconstitutionally vague, *id.* at 1210, the Petitioner moved to reopen proceedings. An IJ again found him ineligible for asylum due to his conviction and, independently, ineligible for deferral of removal under the Convention Against Torture ("CAT"). The BIA affirmed, and the Petitioner filed a petition for review in this court.

## II. Law and Analysis

As a general matter, we "only have authority to review the BIA's decision, although we may also review the IJ's decision when it has some impact on the BIA's decision, as when the BIA has adopted all or part of the IJ's reasoning." *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). *See also Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) ("Under the substantial evidence standard, reversal is improper unless . . . . [t]he applicant . . . show[s] that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion.") (internal citation and quotations omitted). The Court reviews questions of law *de novo*. *Miresles-Zuniga v. Holder*, 743 F. 3d 110, 112 (5th Cir. 2014).

*A. Eligibility for Asylum*

Under 8 U.S.C. § 1227(a)(2)(A)(iii), an "alien who is convicted of an aggravated felony at any time after admission is deportable." Section 1101(a)(43) of title 8 provides a list of offenses that qualify as aggravated felonies, including, as relevant here, felony theft offenses, 8 U.S.C. § 1101(a)(43)(G); non-political felony crimes of violence as defined in 18 U.S.C. § 16(a), 8 U.S.C. § 1101(a)(43)(F); and attempts to commit the substantive listed offenses, 8 U.S.C. § 1101(a)(43)(U). Although this court lacks jurisdiction to review a final order of removal against an alien with an aggravated felony conviction, whether a conviction constitutes an aggravated felony is a question of law. *Fosu v. Garland*, 36 F.4th 634, 636-37 (5th Cir. 2022).

In addition to being removable for an aggravated felony conviction, an alien is ineligible for asylum or withholding of removal, and subject, except in instances inapplicable here, to mandatory denial of withholding of removal under the CAT if he has a prior conviction for "a particularly serious crime." 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i) (asylum); 8 U.S.C. § 1231(b)(3)(B)(ii) (withholding of removal); 8 C.F.R. § 1208.16(d)(2) (CAT withholding). For asylum and CAT withholding, a particularly serious crime is defined in part as an aggravated felony, regardless of the length of the sentence. § 1158(b)(2)(B)(i), § 1208.16(d)(3). In the withholding of removal context, a particularly serious crime is an "aggravated felony . . . for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years." § 1231(b)(3)(B). Section 1101(a)(43) defines aggravated felonies for these statutes and regulation as well.

To determine whether a prior conviction qualifies as one of the offenses defined as aggravated felonies under § 1101(a)(43), we use the categorical approach. *Garcia v. Barr*, 969 F.3d 129, 134 (5th Cir. 2020). "Under that approach, [this Court] look[s] not to the facts of the underlying case but instead to whether the statutory definition of the state crime

categorically fits within the generic federal definition of the removable offense." *Id.* (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013)) (internal quotation marks omitted). We have determined that Texas aggravated robbery under Texas Penal Code § 29.03 is divisible into separate crimes. *See United States v. Lerma*, 877 F.3d 628, 633-34 (5th Cir. 2017).

The BIA concluded that the Petitioner's conviction "constitutes an aggravated felony theft offense under section 101(a)(43)(G)." The Petitioner contends that "since the Texas definition of a robbery encompasses an attempt to commit theft, it cannot categorically be defined as a theft offense, as an actual taking or exercise of control over the property of another is not needed for purposes of a conviction." Thus, he submits, the BIA's decision was incorrect as a matter of law. As the BIA noted, however, "whether the respondent's conduct occurred 'in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft,' he was convicted of an offense involving either attempted theft, or theft, either of which is an aggravated felony" under § 1101(a)(43)(G) (theft) or § 1101(a)(43)(U) (attempts). Neither the BIA nor this court needs to determine whether a petitioner convicted under Texas Penal Code § 29.03 was convicted for attempted theft or actual theft because, as a categorical matter, it makes no difference.

Alternatively, the Petitioner is ineligible for asylum because his conviction qualifies as a non-political felony crime of violence as defined in 18 U.S.C. § 16(a). In *Lerma*, 877 F.3d at 636, we concluded that the Petitioner's offense of conviction, Texas aggravated robbery under § 29.03(a)(2), satisfies the elements or force clause of § 924(e)(2)(B)(i), which all but mirrors the force clause for a crime of violence under § 16(a). Section 16(a) defines "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The language in § 924(e)(2)(B)(i) is identical except

No. 22-60091

that it removes "or property." Thus, § 16(a) is broader than § 924(e)(2)(B)(i); any offense which categorically falls under the latter also categorically falls under the former. Although the BIA did not address this argument, "affirmance may be warranted 'where there is no realistic possibility that . . . the BIA would have reached a different conclusion.'" *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010) (quoting *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005)).

### B. Eligibility for Deferral under the CAT

While the BIA found that Rodriguez Gonzalez remained eligible for deferral of removal under the CAT, *see* 8 C.F.R. § 1208.17(a), the BIA concluded that he failed to make the required showing for such deferral. To obtain CAT relief, a petitioner "must show [*inter alia*] that it is more likely than not that []he will be tortured if []he returns to h[is] country of origin," and that the government of that country will acquiesce in or be willfully blind to that torture. *Martinez-Lopez v. Barr*, 943 F.3d 766, 772 (5th Cir. 2019). This court reviews factual findings underlying the denial of CAT protection for substantial evidence. *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020). Under that standard, the agency's factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (internal quotation marks and citation omitted).

In challenging the BIA's decision, the Petitioner identifies no evidence which casts doubt on the decisions of the IJ and the BIA, let alone doubt sufficient to meet his burden. *See Nasrallah*, 140 S. Ct. at 1692. The Petitioner neither conclusively demonstrates a likelihood that he will be tortured nor that the Mexican government will acquiesce in or willfully ignore his potential torture. As we have held, "potential instances of violence committed by non-governmental actors against citizens, together with speculation that the police might not prevent that violence, are generally

insufficient to prove government acquiescence, especially if there is evidence that the government prosecutes rogue or corrupt public officials." *Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014). Thus, we agree with the BIA that the Petitioner has not made the requisite showing for deferral of removal under the CAT.

## III. Conclusion

For the foregoing reasons, the petition for review is **DENIED**.