# United States Court of Appeals for the Fifth Circuit

No. 23-60083
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2023

Lyle W. Cayce
Clerk

Juan Carlos Robles Ibarra,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A091 284 252

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Juan Carlos Robles Ibarra, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of his application for cancellation of removal under 8 U.S.C. § 1229b(a). The BIA determined that he was ineligible for such relief because his prior Texas conviction for attempted burglary of a habitation was an

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(G) and (U). *See* § 1229b(a)(3).

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Rodriguez Gonzalez v. Garland*, 61 F.4th 467, 469 (5th Cir. 2023). Whether a conviction qualifies as an aggravated felony presents a question of law that is reviewed de novo. *Garcia v. Holder*, 756 F.3d 839, 842 (5th Cir. 2014). We have jurisdiction to review the question pursuant to 8 U.S.C. § 1252(a)(2)(D). *See Fosu v. Garland*, 36 F.4th 634, 636-37 (5th Cir. 2022).

Under circuit precedent, the offense of burglary of a habitation under Texas Penal Code § 30.02 falls within the generic definition of burglary for purposes of the categorical approach. *United States v. Herrold*, 941 F.3d 173, 175-77, 182 (5th Cir. 2019) (en banc); *United States v. Wallace*, 964 F.3d 386, 388-90 (5th Cir. 2020). Accordingly, a § 30.02 offense for which the sentence was at least one year of imprisonment, as Robles Ibarra's sentence was, qualifies as an aggravated felony under § 1101(a)(43)(G). *See* § 1101(a)(43)(G); *Herrold*, 941 F.3d at 175-77, 182; *Wallace*, 964 F.3d at 388-90. Furthermore, Robles Ibarra's conviction was an aggravated felony even though he was convicted only of attempted burglary of a habitation. *See* § 1101(a)(43)(U); *Rodriguez Gonzalez*, 61 F.4th at 470.

He argues that a violation of § 30.02(a)(3) falls outside the generic definition of burglary because § 30.02(a)(3) lacks the requisite element of intent to commit a crime. The argument is unavailing, as it was addressed and rejected in *Wallace*, 964 F.3d at 388-90. The BIA did not err in determining that his Texas conviction for attempted burglary of a habitation constituted an aggravated felony pursuant to § 1101(a)(43)(G) and (U).

Accordingly, the petition for review is DENIED.